UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PABLO J. H.,

                    Plaintiff,

      -against-

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
--------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

25 Civ. 03994 (NSR)(JCM)

To the Honorable Nelson S. Román, United States District Judge:

Plaintiff Pablo J. H.[1] ("Plaintiff"), appearing *pro se*, commenced this action on May 8, 2025, pursuant to 42 U.S.C. § 405(g), challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act") ("Complaint"). (Docket No. 1). Presently before the Court is the Commissioner's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that Plaintiff's claim is time-barred under Section 205(g) of the Act, 42 U.S.C. § 405(g). (Docket No. 8). For the reasons set forth herein, I respectfully recommend granting the Commissioner's motion.

## I.  BACKGROUND

Plaintiff applied for SSI and DIB on April 29, 2022, alleging that his disability began on September 29, 2021. (Docket No. 10 at 8).[2] Plaintiff's application was initially denied on July

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] All page number citations herein refer to the page number assigned upon electronic filing unless otherwise noted.

12, 2022, and again upon reconsideration on February 8, 2023. (*Id.*). Plaintiff then filed a written request for a hearing to review the denial of his claim. (*Id.*). On August 15, 2023, Plaintiff testified at a telephone hearing without the assistance of counsel or a representative. (*Id.*). On September 22, 2023, an Administrative Law Judge ("ALJ") denied Plaintiff's claim for DIB and SSI ("ALJ's Decision"). (*Id.* at 5-22). After his claim was denied, Plaintiff requested that the Appeals Council review the ALJ's Decision. (*Id.* at 23). On May 29, 2024, the Appeals Council denied Plaintiff's request for review ("Appeals Council's Notice"), and the ALJ's Decision became the final decision of the Commissioner. (*Id.* at 23-28). The Appeals Council's Notice advised Plaintiff of his right to commence a civil action within sixty days from the date of receipt. (*Id.* at 25).

Plaintiff commenced the instant action on May 8, 2025. (Docket No. 1). On July 24, 2025, the Commissioner filed the instant motion to dismiss or, in the alternative, for summary judgment. (Docket No. 8). In support of the motion, the Commissioner filed a memorandum of law, (Docket No. 9), declaration with accompanying exhibits, (Docket No. 10), and Statement of Material Facts pursuant to Local Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York, (Docket No. 11). The Commissioner also filed the requisite notices to *pro se* litigants required under Local Civil Rules 12.1 and 56.2. (Docket Nos. 12-13). Plaintiff did not file an opposition to the motion.[3]

---

[3] Plaintiff's deadline to respond to the Commissioner's motion was extended twice by the Court, and Plaintiff was notified that if he did not file his opposition, the matter would be deemed fully submitted. (Docket Nos. 15, 17). To date, Plaintiff has failed to respond.

## II. LEGAL STANDARD

### A. Conversion to a Motion for Summary Judgment

As a preliminary matter, the Commissioner asks the Court to construe the pending application as a motion to dismiss or, in the alternative, as a motion for summary judgment. (Docket No. 8).  The Commissioner's motion is predicated on the assertion that Plaintiff's Complaint was not timely filed. (*See* Docket No. 9 at 2).  Rule 12 of the Federal Rules of Civil Procedure provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 . . . [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Dismissal under Rule 12(b)(6) is improper where "the Commissioner's motion involve[s] consideration of matters outside the pleadings." *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 n.1 (2d Cir. 2011) (summary order).

Here, the Complaint contains limited details. (Docket No. 1).  Plaintiff attached the Appeals Council's Notice to the Complaint. (*Id.* at 2-7).  However, Plaintiff did not attach the ALJ's Decision to the Complaint.  Thus, the instant motion relies on the Commissioner's supporting materials outside of the pleadings which "cannot be excluded" since they "are integral to resolution of [the Commissioner's] motion." *Nunez v. Saul*, 19 Civ. 0170 (PED), 2020 WL 3962046, at *3 (S.D.N.Y. July 13, 2020).[4]

When a court converts a motion to dismiss into a motion for summary judgment it must give "sufficient notice to an opposing party and an opportunity for that party to respond."

---

[4] If the *pro se* Plaintiff does not have access to cases cited herein that are available only by electronic database, he may request copies from Defendant's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

*Hernández v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (quoting *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995)).  While formal notice is not always required, "*pro se* parties must have 'unequivocal' notice of the meaning and consequences of conversion to summary judgment." *Id*. at 307-08 (quoting *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983)).  Here, Plaintiff received formal notice.  Plaintiff was served with the Commissioner's motion, which by its title and substance illustrates that the Commissioner has moved for "summary judgment." (Docket No. 8).  Plaintiff also received copies of the Commissioner's Rule 56.1 Statement of Material Facts, (Docket No. 11), the Local Civil Rule 56.2 Notice to *pro se* litigants who oppose a motion for summary judgment, (Docket No. 13), and the Local Civil Rule 12.1 Notice to *pro se* litigants who oppose a Rule 12 motion supported by matters outside the pleadings, (Docket No. 12).

The Local Civil Rule 12.1 Notice states:

> The defendant in this case has moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) or 12(c) of the Federal Rules of Civil Procedure, and has submitted additional written materials. This means that the defendant has asked the court to decide this case without a trial, based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, **THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME** by filing sworn affidavits . . . as required by Rule 56(c) and/or other documents. The full text of Rule 56 of the Federal Rules of Civil Procedure is attached.

(Docket No. 12 at 2) (emphasis added).  Thus, Plaintiff received adequate notice of the meaning and consequences of the Commissioner's motion such that its conversion to summary judgment requires no new notice. *Nunez*, 2020 WL 3962046, at *3.

Accordingly, I respectfully recommend that the Court convert the Commissioner's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56.

**B. Summary Judgment Standard**

Under Rule 56, the moving party bears the burden of demonstrating that it is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material if it might affect the outcome of the suit under the governing law." *Casalino v. N.Y. State Catholic Health Plan, Inc.*, No. 09 Civ. 2583 (LAP), 2012 WL 1079943, at *6 (S.D.N.Y. Mar. 30, 2012) (citations omitted). Summary judgment is inappropriate if a genuine dispute as to a material fact exists, meaning that "the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008).

In reviewing a motion for summary judgment, the Court should only consider "evidence that would be admissible at trial." *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998).  The Court must also "draw all reasonable inferences in favor of the [non-moving] party" and "disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).  Yet the Court may not weigh the evidence or determine the truth of the matter; the court must only conduct "the threshold inquiry of determining whether there is the need for a trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The moving party bears the initial burden of "demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citations

omitted).  If the moving party meets this initial burden, the burden then shifts to the non-moving party to "present evidence sufficient to satisfy every element of the claim." *Id.*  The non-moving party is "required to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* (citations omitted).  Put differently, once the burden shifts, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  If the non-moving party fails to establish the existence of an essential element of the case on which it bears the burden of proof at trial, summary judgment will be granted. *Celotex*, 477 U.S. at 322–23.

## III.  DISCUSSION

The Commissioner contends that Plaintiff's Complaint is time-barred under Section 205(g) of the Act, 42 U.S.C. § 405(g), because it was not filed within sixty days after the Appeals Council's Notice and equitable tolling does not apply. (Docket No. 9 at 7-10).  Although Plaintiff did not respond to the motion, he acknowledged in the Complaint that he received the Appeals Council's Notice "back in May of 2024," and asked the Court to "waive" the sixty-day filing requirement because he is "shifting careers and it is harder to balance in this economy." (Docket No. 1 at 1).

### A.  Timeliness

Section 205(g) of the Act states in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  The Social Security Administration's regulations further clarify that the "mailing" is the date the plaintiff receives the Appeals Council's Notice, which is presumed to be five days after the Appeals Council's Notice is dated:

> Any civil action . . . must be instituted within [sixty] days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause.  For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be [five] days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c); *see also Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988).

The sixty-day period is strictly construed, *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986), "even where the delay is minor and the plaintiff is *pro se*," *Borrero v. Colvin*, No. 14CV5304 (LTS)(SN), 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (collecting cases). Any other interpretation "would frustrate the congressional purpose, plainly evidenced in [Section] 205(g), to impose a [sixty]-day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Court's "duty, of course, is to respect that choice." *Id.*  Therefore, "[f]ailure to file a complaint within the statutory limitation most often requires dismissal of the case." *Borrero*, 2015 WL 1262276, at *3.

Here, the Appeals Council's Notice is dated May 29, 2024. (Docket No. 10 at 23). Plaintiff acknowledges that he received the Appeals Council's Notice "back in May of 2024." (Docket No. 1 at 1).  The Appeals Council's Notice clearly instructed Plaintiff that he had sixty days to file a civil action, and that his receipt of the Notice was presumed to be five days after it was dated unless Plaintiff could show otherwise. (Docket No. 10 at 25).  The Notice also advised

Plaintiff that if there was a good reason why he could not meet the sixty-day deadline, he was entitled to seek an extension, in writing, from the Appeals Council. (*Id.* at 25).

Because the Appeals Council's Notice is dated May 29, 2024, Plaintiff is presumed to have received the Notice five days later, on June 3, 2024. Sixty days after June 3, 2024 is August 2, 2024. Despite this deadline, Plaintiff did not file the Complaint until May 8, 2025, more than nine months after the deadline expired.[5] (Docket No. 1).

Accordingly, I respectfully recommend finding Plaintiff's Complaint untimely. *See, e.g.*, *Borrero*, 2015 WL 1262276, at *3-*4 (collecting cases and finding that a *pro se* complaint filed nine days late was untimely); *Twumwaa v. Colvin*, No. 13 Civ. 5858 (AT)(JLC), 2014 WL 1928381, at *3 (S.D.N.Y. May 14, 2014) (collecting cases and recommending that a *pro se* complaint filed seven days late be dismissed, noting that "[m]any courts have dismissed social security cases under similar circumstances").

**B. Equitable Tolling**

Next, the Court must determine whether the doctrine of equitable tolling excuses Plaintiff's failure to timely file the Complaint. "[C]ases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). For equitable tolling to apply, a plaintiff must "show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstances stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Plaintiff bears the burden of establishing the exceptional circumstances that warrant

---

[5] Although Plaintiff's Complaint was filed on May 8, 2025, it is dated two days prior, May 6, 2025. (Docket No. 1). The distinction is immaterial to the Court's analysis for the instant motion because both dates are well past the sixty-day statutory period.

equitable tolling," *Davila v. Barnhart*, 225 F. Supp. 2d 337, 339 (S.D.N.Y. 2002) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)), and the doctrine should only be applied in "rare case[s]," *Bowen*, 476 U.S. at 481.

"[E]quitable tolling of the [sixty]-day statute of limitations of Section 405(g) may be warranted in cases where an SSI disability claimant fails to seek judicial review in a timely manner because of mental impairment." *Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991). However, this tolling only applies "[w]here a claimant avers incapacity due to mental impairment *during* the [sixty]-day period" and "present[s] evidence in support of this claim." *Id.* (emphasis added). A "conclusory and vague claim [regarding mental impairment], without a particularized description of how [plaintiff's] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights, is manifestly insufficient to justify any further inquiry into tolling." *Boos*, 201 F.3d at 185.

Reviewing the Complaint in the light most favorable to Plaintiff, no facts indicate that he is entitled to the benefit of equitable tolling.[6] First, Plaintiff states nothing in the Complaint to suggest that he diligently pursued his rights. Although Plaintiff admits that he received the Appeals Council's Notice, he does not contend that he attempted to file his civil action on time. Plaintiff also does not provide any extraordinary circumstances that would excuse the delay. While Plaintiff proffers several reasons why he seeks SSI, including "unstable financial gains," "childhood adversities," "injuries that require medical surgeries for reconstruction," and "mental health decline," the only explanation that Plaintiff provides as to why the Court should not impose the required sixty-day deadline is a vague assertion that he is "shifting careers and it is

---

[6] The Court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

harder to balance in this economy." (Docket No. 1 at 1). Such explanation is insufficient to merit equitable tolling. *See, e.g.*, *Guinyard v. Apfel*, No. 99 CIV. 4242 (MBM), 2000 WL 297165, at *4 (S.D.N.Y. Mar. 22, 2000) ("Whatever particularized allegations [plaintiff] has made go to the merits of her underlying disability claim; they do not explain why [plaintiff's] complaint was delayed."); *Wong*, 854 F.2d at 631 ("Allowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period.").

Additionally, Plaintiff did not oppose or otherwise respond to the Commissioner's motion, despite multiple extensions to do so provided by the Court. (*See* Docket Nos. 15-17). Although Plaintiff demonstrated sufficiency in navigating the legal system when he filed the Complaint, his *pro se* status is insufficient to explain why he did not file a civil suit in the time allotted or respond to the present motion. *See, e.g.*, *Bartow v. Comm'r of Soc. Sec.*, No. 04 Civ.3200 (AJP), 2004 WL 2368004, at *3 (S.D.N.Y. Oct. 22, 2004) ("to the extent [Plaintiff] has asserted that [he] had some difficulty in figuring out how to bring [his] federal complaint, that provides no basis for equitable tolling: the Appeals Council's letter clearly explains the process"). Moreover, Plaintiff previously demonstrated his ability to abide by deadlines when he initially filed his request for Appeals Council review. *See Borrero*, 2015 WL 1262276, at *6 (a plaintiff's "compliance with the statute of limitations at earlier stages of the appeals process—namely his request to the Appeals Council—'indicates that he was accustomed to operating under time constraints and capable of doing so, even when acting *pro se*'") (quoting *Monje v. Shalala*, No. 93 Civ. 4707 (MBM), 1995 WL 540028, at *3 (S.D.N.Y. Sept. 11, 1995), *aff'd*, 112 F.3d 504 (2d Cir. 1996)).

Accordingly, I respectfully recommend finding that equitable tolling does not apply. *See, e.g.*, *Twumwaa*, 2014 WL 1928381, at *4 (finding plaintiff's claims that she was "stressed," "in pain," and "gave the motion to [her] former attorney to respond" insufficient to invoke the doctrine of equitable tolling); *Davila*, 225 F. Supp. 2d at 340 (acknowledging that "the strict application of the traditional principles of equitable tolling seems particularly harsh" where plaintiff "filed [his] complaint only one day late," but holding that plaintiff's complaint was time-barred, and noting that "'courts have not hesitated to enforce the [sixty]-day limit as a firm limit'") (citations omitted).

## IV.  CONCLUSION

For the foregoing reasons, I respectfully recommend that the Commissioner's motion for summary judgment be granted and Plaintiff's Complaint be dismissed.

The Clerk of Court is respectfully requested to mail a copy of this Report and Recommendation to the *pro se* Plaintiff.

## V.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the receipt of this Report and Recommendation to serve and file written objections. *See* Fed. R. Civ. P. 6(a) and (d) (rules for computing time).  If copies of this Report and Recommendation are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of the same to file and serve written objections. *See* Fed. R. Civ. P. 6(d).  Objections and responses to objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Nelson S. Román at the United States District Court, Southern District of New York, 300 Quarropas

Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Requests for extensions of time to file objections must be made to the Honorable Nelson S. Román and not to the undersigned. Failure to file timely objections to this Report and Recommendation will result in a waiver of objections and will preclude later appellate review of any order of judgment that will be rendered. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72(b); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Dated: February 24, 2026
      White Plains, New York

**RESPECTFULLY SUBMITTED**:

_____
JUDITH C. McCARTHY
United States Magistrate Judge

-12-