UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

|   |   |
|---|---|
| PABLO J. H., | : |
|  | : |
| Plaintiff, | :  OPINION & ORDER |
|  | : |
| -against- | : |
|  | : |
|  | :  25 Civ. 03994 (NSR)(JCM) |
|  | : |
| COMMISSIONER OF SOCIAL SECURITY, | : |
|  | : |
| Defendant. | : |

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/19/2026__

NELSON S. ROMÁN, United States District Judge

Plaintiff Pablo J. H. ("Plaintiff"), appearing pro se, commenced this action pursuant to 42 U.S.C. § 405(g), challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). (Docket No. 1.) On May 29, 2025, the Court referred this case to Magistrate Judge Judith C. McCarthy ("MJ McCarthy") pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) to issue a Report and Recommendation ("R & R"). On February 24, 2026, MJ McCarthy issued an R & R recommending that the Commissioner's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment pursuant to Rule 56, be granted on the ground that Plaintiff's claims are time-barred under Section 205(g) of the Act, 42 U.S.C. § 405(g). (ECF No. 18.)

The matter is now before the Court. For the reasons set forth below, the Court adopts the R & R in its entirety.

## BACKGROUND

Plaintiff commenced the instant action on May 8, 2025. (ECF No. 1.)  On July 24, 2025, the Commissioner filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 8.)

1

In support of the motion, the Commissioner filed a memorandum of law (ECF No. 9), a declaration with accompanying exhibits (ECF No. 10), and a Statement of Material Facts pursuant to Local Rule 56.1 (ECF No. 11). The Commissioner also filed the requisite notices to pro se litigants under Local Civil Rules 12.1 and 56.2. (ECF Nos. 12–13.) Plaintiff did not file an opposition. MJ McCarthy issued her R & R on February 24, 2026.

## STANDARD OF REVIEW

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F. 2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 amendment, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

When reviewing an appeal from a denial of SSI, the Court's review is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)); *see also* 42 U.S.C. § 405(g). The Court does not substitute its judgment for the agency's, "or determine *de novo* whether [the claimant] is disabled." *Cage v. Comm'r of Soc.* Sec., 692 F.3d 118, 122 (2d Cir. 2012) (alteration in original) (quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)). However, where the proper legal standards have not been applied and "might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Pollard v. Halter,* 377 F.3d 183, 189 (2d Cir. 2004) (quoting *Townley*

2

*v. Heckler*, 748 F.2d 109, 112 (2d. Cir. 1984)). Therefore, "[f]ailure to apply the correct legal standard is grounds for reversal." *Id.* "Where there are gaps in the administrative record or the ALJ has applied an improper legal standard", remand to the Commissioner "for further development of the evidence" is appropriate. *Rosa v. Callahan*, 168 F.3d 82, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F. 3d 34, 39 (2d Cir. 1996)).

**<u>DISCUSSION</u>**

Neither Plaintiff nor the Commissioner timely objected to the R & R. Thus, the Court reviews the R & R for clear error. Upon a thorough review of the record and MJ McCarthy's well-reasoned R & R, the Court finds that the conclusions reached are grounded in fact and law. Thus, the Court finds no clear error.

As more detailed in the R & R, when a court converts a motion to dismiss into a motion for summary judgment it must give "sufficient notice to an opposing party and an opportunity for that party to respond." *Hernández v. Coffey,* 582 F.3d 303, 307 (2d Cir. 2009) (quoting *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995)). When the opposing party is pro se, clear unambiguous notice of the meaning and consequences of conversion to summary judgment must be provided. Id. at 307-08 citing *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir.1983). A review of the docket reveals the Commissioner provided and Plaintiff received formal and proper notice of the conversion of the motion pursuant to Local Civil Rule 12.1 (ECF No. 12.)

The Commissioner moved for summary judgment on the basis that Plaintiff's complaint was time-barred under Section 205(g) of the Act, 42 U.S.C. § 405(g). Section 205(g) of the Act states, in relevant part:

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

The Act requires that a plaintiff challenging a final decision of the Commissioner to file a civil action within sixty (60) days of the plaintiff's receipt of the agency's Appeals Council decision. 42 U.S.C. § 405(g). The "60–day requirement is not jurisdictional but rather constitutes a period of limitations." *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483 (W.D.N.Y. 2015) quoting *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). A review of the complaint indicates Plaintiff received notice of the agency's final determination in or about late May 2024. Plaintiff commenced the action on May 8, 2025. Although Plaintiff requested an extension of the sixty-day filing period, he failed to demonstrate exceptional circumstances warranting waiver of the deadline. *See Davila v. Barnhart*, 225 F. Supp. 2d 337, 339 (S.D.N.Y. 2002) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

## **CONCLUSION**

For the reasons stated above, the Court adopts MJ McCarthy's R & R in its entirety. The Commissioner's motion for summary judgment seeking to dismiss the action as untimely is GRANTED.  The Clerk of Court is kindly directed to mail a copy of the Opinion to pro se Petitioner and show service on the docket. The Clerk of the Court is respectfully further directed to enter judgment in favor of the Commissioner (the Defendant), terminate the motion at ECF No. 8 and terminate the action.

Dated: March 19, 2026
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge